UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 07-11775 |
| | : CHAPTER 11 |
| ELK POWER, INC., DEBTOR | : |
| | : |
| SOVEREIGN BANK, Movant | : DOCUMENT NO. 84 |
| vs. | : RELATED TO DOCUMENT 135 |
| ELK POWER, INC., JOSEPH B. | : |
| SPERO, ESQ., TRUSTEE, and THE | : |
| OFFICE OF THE UNITED STATES | : |
| TRUSTEE, Respondents | : |

## MEMORANDUM AND ORDER

On April 14, 2008 this Court entered an Order for the disclosure by Debtor's officers of information relative to seven (7) pieces of equipment in which Sovereign Bank had an interest. A copy of said Order of April 14, 2008 is attached hereto (Document No. 135).

That Order was directed to the Debtor and one of its principal officers, John L. Eisenhooth, Vice President.

This Order is directed to John Eisenhooth as well as the other officers of the Debtor listed in the Debtor's schedules, to wit: Sandra A. Eisenhooth, President and Daniel C. Eisenhooth, Secretary/Treasurer.

IT IS HEREBY ORDERED that Sandra A. Eisenhooth, President, Daniel C. Eisenhooth, Secretary/Treasurer and John L. Eisenhooth, Vice President shall produce the information set forth in the Order of April 14, 2008, within fifteen (15) days.

A RULE TO SHOW CAUSE shall be and hereby is issued upon John L. Eisenhooth, Sandra A. Eisenhooth and Daniel C. Eisenhooth to produce the information set forth in the Order of April 14, 2008 within fifteen (15) days. If said information is not filed with this Court and transmitted to counsel for Sovereign Bank, the said Eisenhooth parties shall be held in contempt.

A hearing on this RULE TO SHOW CAUSE why the Eisenhooth parties shall not be held in contempt is fixed for Monday, June 30, 2008 at 11:30 a.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. Only 10 minutes have been reserved on the Court's calendar.

Dated: ~~May~~ June 2nd, 2008

Warren W. Bentz
United States Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | BANKRUPTCY CASE NO. 07-11775 |
| ) | |
| ELK POWER, INC. ) | |
| ) | |
| Debtors ) | CHAPTER 7 |
| ) | |
| SOVEREIGN BANK, ) | RELATED TO DOCUMENT |
| ) | NOS. 84 AND 91 |
| Movant ) | RESCHEDULED HEARING DATE AND |
| ) | TIME: May 19, 2008 AT 10:20 P.M. |
| ) | |
| v. ) | |
| ) | OBJECTIONS DUE: February 14, 2008 |
| ELK POWER, INC., JOSEPH B. SPERO, ) | |
| TRUSTEE and THE OFFICE OF THE ) | |
| UNITED STATES TRUSTEE, ) | |
| Respondents ) | |

## ORDER

AND NOW this _14th_ day of April, 2008 and after an initial hearing where it appears that the Debtor's Answer filed in response to the Motion seeking relief from the Automatic Stay indicates that all of the collateral claimed by Sovereign Bank has been sold and the Debtor is asserting that it sold all seven (7) of the pieces of equipment listed in the bank's motion for relief in the ordinary course of its business; it is hereby ORDERED ADJUGED and DECREED that the Debtor, through its president, John L. Eisenhooth shall, within fifteen (15) days of the date of this ORDER, provide the following information as to each of the seven (7) pieces of equipment listed in the Motion for Relief from Stay of Sovereign Bank:

1. Date of sale;
2. Name and address of purchaser;
3. The purchase price;
4. Whether the Debtor participated in arranging the financing of the purchase by a third party, the terms of any such financing; and
5. The debtor's use, transfer and tracing of the purchase price (i.e. where the funds and/or proceeds of the sale were distributed at the time each of the pieces of equipment were sold by the debtor).

The Debtor, John Eisenhooth, shall further disclose any relationship: family, corporate or business association of any nature, if any, that exists or existed between any purchaser of the equipment pledged to Sovereign Bank and the debtor or its officers. The officer's response shall be made as sworn true and correct statements under the penalty of law. Failure of John Eisenhooth to fully respond on behalf of the Corporate Debtor to this Order or appear at the time of the Section 341 Meeting scheduled for April 29, 2008 and to fully cooperate with the Chapter 7 Trustee shall be deemed to be a willful disregard of this Court's Order herein.

BY THE COURT:

_Warren W. Bentz_ J.